# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Ebony Washington,<br><br>    Plaintiff,<br>    v.<br><br>Sprenger Healthcare of Port Royal, Inc. and Grace Management Services, Inc.,<br><br>    Defendants. | Case No. 9:21-cv-01092-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 40), recommending Defendant's Motion for Summary Judgment (Dkt. No. 33) be granted. Plaintiff filed an Objection to the R & R (Dkt. No. 41) to which Defendants replied (Dkt. No. 42). For the reasons set forth below, the Court adopts the R & R as the Order of the court and grants Defendant's Motion for Summary Judgment.

**I.    Background**

Plaintiff sued her former employer for retaliation under the Family and Medical Leave Act ("FMLA") and Title VII. (Dkt. No. 19, ¶¶ 95-109).

Plaintiff began working for Defendant Sprenger Healthcare, an assisted living facility, in July 2018 as a transporter, responsible for transporting nursing home residents to and from medical appointments and assisting with clerical tasks. (*Id.*, ¶¶ 12-13). She informed her supervisor of her pregnancy and requested maternity leave, which was approved to begin in January 2019. (*Id.*, ¶¶ 18-19). In November 2018, Plaintiff requested an assistant to help her perform her duties as a transporter until she was 36 weeks pregnant, and to then work in medical records after her 36th week. (*Id.*, ¶¶ 22-25). Sprenger was unable to accommodate this request, leading to Plaintiff taking involuntary leave starting November 19, 2018. (*Id.*, ¶¶ 28-29). Based on this refusal to

1

accommodate Plaintiff's request, Plaintiff submitted a grievance letter to Defendants and filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (*Id.*, ¶¶ 33-37). The letter and charge were submitted in November 2018. (*Id.*)

The Plaintiff returned to work as a Transporter on December 6, 2018 and continued until the birth of her baby on January 10, 2019. (*Id.*, ¶¶ 44, 49). After taking leave from January 10 to March 14, Plaintiff returned to work on March 18, 2019. (*Id.*, ¶ 57). On May 14, 2019, Plaintiff fell asleep on the job. (*Id.*, ¶¶ 75-81). Plaintiff was terminated on May 16, 2019. (*Id.*)

Defendant filed a motion for summary judgment. (Dkt. No. 33). The Magistrate Judge issued an R & R recommending that the Court grant Defendant's motion. (Dkt. No. 40). Plaintiff then timely filed objections to the R & R (Dkt. No. 41) to which Defendants replied (Dkt. No. 42). The matter is now ripe for the Court's review.

## II. Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, not does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. Title VII Retaliation Claim

To make a *prima facie* showing of retaliation under the *McDonnell Douglas* burden shifting framework, Plaintiff must show that (1) she engaged in protected activity, (2) her employer took

an adverse action against her; and (3) there was a causal link between the two events. *See Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 653 (4th Cir. 2021).

Defendants do not dispute that Plaintiff engaged in protected activity. (Dkt. No. 33-1 at 7).

**1. Adverse Employment Action**

"An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Generally, a lateral transfer does not constitute an adverse employment action within the meaning of Title VII; however, reassignment can form the basis of a valid Title VII case "if the plaintiff can show that the reassignment had some significant detrimental effect on her." *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999). For purposes of summary judgment, a significant reduction in responsibility coupled with involuntary reassignment can constitute an adverse action by an employer. *Bickford v. Denmark Tech. Col.*, 479 F.Supp.2d 551, 557-58 (D.S.C. 2007).

Here, Plaintiff contends that she suffered two adverse actions: (1) her Medical Records Clerk title and duties were taken from her after she returned from maternity leave," and (2) she was terminated. (Dkt. No. 36 at 15-17).

The Magistrate Judge found that the only adverse action at issue is Plaintiff's termination. (Dkt. No. 40 at 10). The Magistrate Judge reasoned that being relieved of the clerical duties was not an adverse employment action because the evidence does not show that clerical duties were part of Plaintiff's official job description. (*Id.* at 8-9). Moreover, the Magistrate Judge noted that

4

Plaintiff did not allege that her pay decreased, or that her benefits or schedule changed when she was relieved of her recordkeeping duties. (*Id.* at 9).

Plaintiff objects to the Magistrate Judge's finding and argues that Plaintiff's clerical duties were a large part of her role before she took leave and that the job description did not match the actual position that Plaintiff held. (Dkt. No. 41 at 2). Plaintiff also argues that Defendant took an adverse action because she was not given an opportunity to apply for a full time Medical Clerk position. (*Id.*)

The Court overrules Plaintiff's objections for this element and agrees with the Magistrate Judge that the only adverse action at issue is Plaintiff's termination. Plaintiff has not demonstrated that her relief from clerical duties is a significant reduction in responsibilities. In fact, the evidence suggests that Plaintiff would only help with medical records when she did not have to transport residents. (Dkt. No. 33-2 at 30:4-12, 32:18-33-2). This, along with her official title of Transporter, suggests that her primary role was to transport residents. Moreover, Plaintiff's pay, schedule, and benefits did not change, nor was Plaintiff transferred or reassigned to work at another location. Taking this evidence in the light most favorable to the Plaintiff, the Court finds that Plaintiff has not met her burden to show that she suffered an adverse employment action when she was relieved of her clerical duties. Additionally, as the Magistrate Judge noted, Plaintiff did not provide any evidence that support her assertion that she was prohibited from applying to the full time Medical Clerk position. Accordingly, the Court agrees with the Magistrate that the only adverse action at issue is Plaintiff's termination.

2. **Causal Connection**

A plaintiff may establish causation by showing the "adverse act bears temporal proximity to the protected activity." *Johnson v. United Parcel Serv., Inc.*, 839 Fed. App'x 781, 784 (4th Cir.

2021) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)). The temporal relationship must be "very close' to support a reasonable inference of retaliatory causation. *Pascual v. Lowe's Home Ctrs.*, 193 F. App'x 229, 233 (4th Cir. 2006). Although there is no bright-line for determining when a temporal relationship is "very close," the Fourth Circuit has held that as little as three months between a plaintiff's protected activity and a defendant's retaliatory act is too long to give an inference of causality. *Id.* Additionally, two months has been deemed "sufficiently long so as to weaken significantly the inference of causation between the two events." *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003). Additional facts to establish a causal connection beyond the timeline of events is required when one or two months have passed between the protected activity and the retaliatory act. *See Hamada v. Boeing Co.*, No. 2:19-cv-02777-DCN, 2021 WL 4398456, at *5 (D.S.C. Sept. 27, 2021).

Here, Plaintiff attempts to show causation based on temporal proximity. (Dkt. No. 36 at 17). Plaintiff reiterates in her objections that the protected activity was the filing of a discrimination grievance to the Equal Employment Opportunity Commission (EEOC) in November of 2018. (Dkt. No. 41 at 4). The alleged retaliatory act, Plaintiff's termination, did not occur until approximately six months later in May of 2019. The Magistrate Judge found that six months, without more, is too large of a time frame to establish causation. (Dkt. No. 40 at 12-13). In her objections, Plaintiff failed to direct the Court to any additional facts proving causation. (Dkt. No. 41 at 5 (noting only that this was the first time Plaintiff had violated a policy and arguing that the offense was trivial)). Without additional facts that could allow the Court to infer a causal link between the Plaintiff's November 2018 grievance and her May 2019 termination, the Court agrees with the Magistrate Judge that the causation element is not met.

Accordingly, the Court grants Defendants' motion for summary judgment as to this claim.

### A. FMLA Retaliation Claim

As with retaliation claims under Title VII, Plaintiff's FMLA retaliation claim is subject to the three-step burden-shifting framework under *Mcdonell Dougals*. *See Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 550-51 (4th Cir. 2006). To sustain an FMLA retaliation claim, a plaintiff must establish that (1) she engaged in protected activity, (2) her employer took an adverse employment action against her, and (3) the adverse employment action was causally connected to the plaintiff's protected activity." *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F.Supp. 2d 963, 976 (E.D. Va. 2012).

The Magistrate Judge found that Plaintiff's FMLA retaliation claim fails because, like for her Title VII claim, she cannot establish causation. The Court agrees with the Magistrate Judge that, for the reasons mentioned above, Plaintiff cannot show a causal link between her November 28, 2018 grievance and her May 2019 termination.

Accordingly, the Court grants Defendants' motion for summary judgment as to this claim.

## IV. Conclusion

For the foregoing reasons the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 40) as the order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No 33).

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 3, 2023
Charleston, South Carolina